IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| KEITH DIENELT, | § § § | |
| Plaintiff, | § § | |
| VS. | § § § | CIVIL ACTION NO. 6:22-cv-359 |
| | § § | |
| PROFESSIONAL DATASOLUTIONS, INC., JUSTIN GRIFFITH, SETH WEGNER, TONY COLON, and GARRY DEWRELL | § § § § § § | |
| Defendants. | § | *Jury Trial Requested* |

# ORIGINAL COMPLAINT

COMES NOW, Plaintiff, KEITH DIENELT (hereinafter "Plaintiff"), and files this, his Original Complaint against the below-named Defendants and in furtherance thereof, would respectfully show unto this Court as follows:

## I.

## NATURE OF THE ACTION

1. KEITH DIENELT sues PROFESSIONAL DATASOLUTIONS, INC. (hereinafter, "PDI") under Title VII of the Civil Rights Act of 1964 as amended, and the Americans with Disabilities Act, 42 USC §12101 and §12102(2)(c) to correct unlawful employment practices on the basis of disability discrimination,

failure to accommodate, and retaliation, and to seek appropriate relief for KEITH DIENELT who exhausted all administrative remedies against PDI.

2.      Further, KEITH DIENELT, sues PDI, JUSTIN GRIFFITH, and GARRY DEWRELL under the Uniformed Services Employment and Reemployment Rights Act ("USERRA") 38 USC §§ 4301-35 on the additional basis of discrimination, failure to accommodate, and retaliation.

## II.

## PARTIES

3.      Plaintiff is an adult resident citizen of the State of Texas residing in Temple County, Texas, working in Bell County, Texas where the underlying causes of action arose.

4.      Defendant, PROFESSIONAL DATASOLUTIONS, INC. (hereinafter, "PDI") is a Texas Corporation and may be served with process through its registered agent for service, COGENCY GLOBAL INC., 1601 Elm Street, Suite 4360, Dallas, Texas 75201.

5.      Defendant, JUSTIN GRIFFITH is an individual resident of Choctaw, Oklahoma and can be served at his home at 2030 Overholser Dr., Choctaw, Oklahoma 73020, at his place of work at 4001 Central Pointe Parkway, Bldg. 200, Temple, Texas 76504, or wherever he may be found.

6. Defendant, GARRY DEWRELL is an individual resident of the state of Alabama and can be served at his home at 10620 Bellingrath Road, Theodore, Alabama 36582, at his place of work at 4001 Central Pointe Parkway, Bldg. 200, Temple, Texas 76504 or wherever he may be found.

7. Defendant, SETH WEGNER is an individual resident of Vancouver, Washington and can be served at his home at 300 E 13th St., Apt 215, Vancouver, Washington 98660, at his place of work at 4001 Central Pointe Parkway, Bldg. 200, Temple, Texas 76504 or wherever he may be found.

8. Defendant, TONY COLON is an individual resident of Bell County, Texas and can be served at his place of work at 4001 Central Pointe Parkway, Bldg. 200, Temple, Texas 76504.

9. For the purposes of 38 U.S.C.§ 4303(4), Defendants are "employers".

## III.

## JURISDICTION AND VENUE

10. All or part of the complained of transactions occurred in Texas, and the amount in controversy exceeds the Court's minimum jurisdiction. Plaintiff asserts Federal Question jurisdiction.

11. A charge of employment discrimination on the basis of Disability and Retaliation was filed on or about August 6, 2021, with the Equal Employment

Opportunity Commission (the "EEOC") and the Texas Workforce Commission within 180 and 300 days of the commission of the unlawful employment practices alleged in this Complaint.

12. The EEOC notification of right to sue was mailed on January 7, 2022.

13. This Complaint has been filed within 90 days of the receipt of the EEOC's notification of right to sue.

14. Venue is proper in this district since Defendants are employers, and PDI maintains a place of business in the district of this United States District Court, and a substantial part of the events giving rise to the claims in this action occurred in this district.

15. Plaintiff, having exhausted all administrative remedies, now files his lawsuit against Defendant PDI for ADA violations and against all Defendants for USERRA violations and discrimination based upon disability, failure to accommodate, Veteran's status and retaliation.

### IV.

### GENERAL FACTS

16. Plaintiff is a United States Army combat veteran.

17. All of Plaintiff's military records reflect honorable military service.

18. Plaintiff's applicable military service periods do not exceed 5 years.

19. Plaintiff began working for PDI in October of 2020, in Temple, Texas. Plaintiff was hired as a System Administrator II.

20. Defendants were at all relevant times on notice that Plaintiff was a United States Military (Army) combat veteran with a service-related disability.

21. Plaintiff was transparent with Defendant PDI at his hire that he because he had a seizure disorder and PTSD related to IEDs with concussions as a result, he needed an accommodation to work on day shifts. All Defendants became aware of this disability, the cause being serv ice to the United States of America as a military service member, and the need for accommodation as a result.

22. However, in the first or second week of December 2020, Plaintiff was assigned to work nights on a temporary basis. Plaintiff agreed to do this temporarily because he understood there was an immediate and temporary need until, at the latest, March 1, 2021.

23. Plaintiff consulted with his VA neurologist, and when PDI refused to return Plaintiff to the day shift, he let the Defendants know that his neurologist could send confirmation of the need for this accommodation.

24. Instead of assisting Plaintiff, or beginning what is known as the "interactive process" to deal with the issues of accommodation, Plaintiff's supervisor, Justin Griffith, immediately told Plaintiff that if he could not continue to work nights

until they moved him back to days, he should quit.

25. Yet, PDI hired or transferred two or more people to days after Plaintiff made his request for accommodation to be assigned back to days. PDI was busy hiring non-veterans and non-disabled persons for Plaintiff's exact position on the day shift.

26. Then in March of 2021, Plaintiff filled out a work survey sent to employees that was designated as confidential. In that survey Plaintiff referenced his disability and his need to be returned to day shift which accommodation was being refused. At a virtual meeting of approximately thirty (30) employees, the Global IT Manager, Garry Dewrell, placed Plaintiff's survey answers on the screen and stated that if anyone was not happy working at PDI they should quit.

27. Plaintiff began to have a worsened medical condition due to working the night shift as he was suffering the effects of his combat-related disability.

28. On July 20, 2021, Plaintiff's employment was terminated by Seth Wegner with the consent and approval of Tony Colon, for what PDI claimed was an update performed after an email was sent asking that the upgrade be temporarily postponed. Plaintiff's employment termination for the update was completely pre-textual.

29. Wegner and Griffith shared supervisory authority for the Plaintiff, and

Wegner and Griffith were Colon's subordinates.

30. Notably, Plaintiff was almost immediately replaced on the night shift by a non-disabled person and a non-Veteran.

31. The employment relationship between Plaintiff and Defendant PDI was irreparably damaged through no fault of Plaintiff.

32. At all relevant times hereto, Defendants had a duty to act in compliance of the law of USERRA and the Americans with Disabilities Act and ensure that its agents follow the Act.

33. As a result of Defendants' unlawful conduct in violation of USERRA and the ADA, Plaintiff has suffered a loss of earnings and other benefits of employment in an amount to be proved at trial.

34. To the extent Defendants allege application of any agreement that constitutes any limitation on Plaintiff's rights under USERRA or the ADA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. §4302.

## V.

## CAUSES OF ACTION

### A.

### Discrimination 38 U.S.C. §4311(a) – All Defendants

35. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

36. All Defendants' actions caused the violation of Plaintiff's USERRA rights such that Plaintiff's obligation to perform service in the uniformed service was a motivating factor in decisions by Defendants which adversely affected Plaintiff's employment, including in the failure to accommodate, harassment, discrimination and ultimately, termination from employment.

37. Defendants unlawfully discriminated against Plaintiff, among other ways, by denying Plaintiff employment and benefits of employment on the basis of his membership, service, or obligation to perform service in the uniformed service, a right provided by USERRA.

B.

**Discrimination/Retaliation 38 U.S.C. § 4311(b) and (c) – All Defendants**

38. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

39. Each of the Defendants' actions caused the violation of Plaintiff's USERRA

rights such that Plaintiff is exercising a right provided by USERRA, was a motivating factor in the discrimination, harassment, failure to accommodate, and retaliation he faced for having a service-related disability and needing accommodation for it, and accommodation that was reasonable and available. This included, among other things, complaints about the inconvenience to the employer of Plaintiff fulfilling his work even though no undue hardship was imposed upon the employer and openly expressing a desire that the Plaintiff terminate his own employment due to his service-related disability.

40. Defendants unlawfully retaliated against Plaintiff, among other ways, by creating a toxic environment, attempting to blame Plaintiff for issues that related to his service and disability, and other in order to justify their unlawful actions, and discharging Plaintiff.

### C.

### Discrimination in Employment Disability and Failure to Accommodate/Retaliation – PDI

41. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

42. This action arises under the Americans with Disabilities Act, 42 USC

§12101 and §12102(2)(c).

43. This suit is brought seeking legal and equitable remedies.

44. PDI, through its agents or supervisors, engaged in a pattern and practice of unlawful disability discrimination and failed to accommodate Plaintiff when such request was made. PDI wholly failed to even engage in the required interactive process.

45. PDI at all times relevant hereto had actual and constructive knowledge of the conduct described herein and it was a motivating factor for the actions taken.

46. Furthermore, PDI is liable for the conduct of their employees, officers, and superiors due to the doctrine of respondeat superior.

47. PDI failed to comply with the duty to take all reasonable and necessary steps to eliminate discrimination from the workplace and to prevent it from occurring in the future.

48. Not only did PDI not take remedial action sufficient to stop this discrimination, but by and through its employees, officers, and supervisors, aided and abetted this discrimination by inciting and encouraging additional discrimination as well as retaliation against their victim.

49. Plaintiff alleges that, in addition to the practices enumerated above PDI has engaged in other discriminatory practices against him which are not yet fully

known. At such time as said discriminatory practices become known to him, he will amend this pleading, and reserves his right to do so.

50. As a direct and proximate result of PDI's willful, knowing, and intentional discrimination against him, Plaintiff has suffered mental anguish and emotional distress; and has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities and is thereby entitled to general and compensatory damages.

51. Plaintiff alleges that the outrageous conduct of PDI described herein was done with fraud, oppression, and malice; with a conscious disregard for his rights; and with the intent, design, and purpose of injuring him. Through its officers, managing agents and/or its supervisors, PDI authorized, condoned and/or ratified this unlawful conduct. By reason thereof, Plaintiff is entitled to punitive and/or other exemplary damages.

### D.

### USERRA Willful Violations 38 U.S.C. § 4323 – All Defendants

52. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of all counts of this Complaint the same as though specifically set out herein again.

53. Defendants' conduct was willful as defined by 38 U.S.C. § 4323(d), 20

C.F.R. § 1002.312(c), because Plaintiff gave Defendants multiple notices of USERRA, and his rights and Defendants showed reckless disregard for this matter and USERRA requirements.

## VI.

## ATTORNEYS' FEES, COSTS AND EXPENSES

54. As a further direct and proximate result of PDI's violations of law, as heretofore described, Plaintiff has been compelled to retain the services of counsel in an effort to protect his rights, and has thereby incurred, and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to Plaintiff. Plaintiff requests that attorneys' fees, costs, and expenses (including but not limited to expert witness fees) be awarded pursuant to all applicable laws.

55. Plaintiff's reasonable that attorneys' fees, costs, and expenses (including but not limited to expert witness fees) be awarded pursuant to 38 U.S.C. § 4323, and as otherwise provided by law.

## VII.

## REQUEST FOR RELIEF

56. Compensation for all injury and damages suffered by Plaintiff including, but not limited to, both economic and non-economic damages, in the amount to be

proven at trial including back pay, front pay, pre and post judgment interest, lost benefits of employment, negative tax consequences of any award, liquidated damages, exemplary damages and punitive damages as provided by law.

57. For such other and further relief as this Court deems just and equitable, including injunctive relief to enjoin future violations of the USERRA under 38 U.S.C. § 4323.

## VIII.
## JURY TRIAL REQUESTED

58. Plaintiff requests a jury in this case.

Respectfully submitted,

*/s/ Charles H. Peckham*

_____

Charles H. Peckham
TBN: 15704900
FBN: 15770
cpeckham@pmlaw-us.com

Mary A. Martin
TBN: 00797280
FBN: 12272
mmartin@pmlaw-us.com

PECKHAM MARTIN, PLLC
Two Bering Park
800 Bering Drive, Suite 220
Houston, Texas 77057
(713) 574-9044
(713) 493-2255 – facsimile

**COUNSEL FOR PLAINTIFF**